IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs, October 28, 2004

## RHONDA ELAINE BOLICK v. RONALD DALE BOLICK

**Direct Appeal from the Circuit Court for Hamilton County**
**No. 03D1402   Hon. W. Frank Brown, III, heard by interchange for W. Neil Thomas, III.**
**Judge**

---

**No. E2004-00369-COA-R3-CV  - FILED NOVEMBER 29, 2004**

---

Husband appeals property settlement award to wife in divorce action.  On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

John T. Rice, Chattanooga, Tennessee, for Appellant.

James A. Meaney, III, Chattanooga, Tennessee, for Appellee.

### OPINION

In this divorce action, the sole issue on appeal by the husband is that the Trial Court erred in allocating the wife any portion of the husband's 401(k) retirement, on the grounds that she did not make a substantial contribution to the retirement fund.

The parties were married on March 20, 2001 and the case was tried on November 11, 2003 on stipulated grounds and the parties were divorced.

Since no transcript of the evidence has been filed, we conclusively presume that the Trial Court's findings of fact are correct.  *State v. Oddy*, 823 S.W.2d 554 (Tenn. Criminal App.

1991). The Sole issue raised on appeal as stated by the appellant, is:

> The Chancellor/Trial Judge erred in application of Tenn. Code Ann. § 36-4-121(b)(1) in allocating to the wife any portion of husband's 401(k) retirement, without finding she made a substantial contribution.

After the Trial Court's initial Judgment, appellant filed a Motion to Alter or Amend the Judgment and/or Relief from Judgment, and submitted his affidavit, copies of certain statements on his 401(k) account and a Memorandum. Responding to the Motion the Trial Court said:

> Neither party was helpful to the court in developing the facts about Mr. Bolick's 401(k) plan with Rooms-to-Go at the trial. Based upon one written exhibit and the oral testimony, the court calculated that Mr. Bolick's contributed $24,000.00 of the salary he earned during the marriage to the 401(k) account. The court concluded that $10,000.00 from the 401(k) to Ms. Bolick would be equitable.

Upon analysis of the additional documentation, the Court said that an award of $8,000.00 was more appropriate than the initial $10,000.00 awarded, and explained the basis of his ruling:

> The court differentiates between payments from salary during a marriage made to a retirement plan and the increase in value of the plan during marriage caused by market conditions. T.C.A. §36-4-121(b)(1)(A)'s definition of "Marital Property" does not contain a requirement that the other spouse substantially contribute to such asset, as is true with an increase in value of separate property. See Wilson v. Moore, 929 S.W.2d 367, 373-74 (Tenn. Ct. App.) perm. app. denied (1996) where a husband's contributions from martial salary to a premarital retirement account was held to be marital property.

The Court, in its original Decree had allowed appellant to avoid transfer of a $10,000.00 portion of his 401(k) plan by transferring $9,000.00 cash to the wife. The amended Order provided:

> . . . to delete $10,000.00 and substitute $8,000.00 in lieu thereof as the amount of his 401(k) plan that Mr. Bolick must transfer to Ms. Bolick and the cash buyout of $9,000.00 is reduced to $7,200.00.

Appellant insists that since the Trial Court did not find that the wife had contributed to the increase in the value of the retirement account, that she was not entitled to the award made by the Trial Court. Appellant misapprehends the Trial Court's ruling. The Trial Court ruled that the contributions made to the retirement plan from appellant's salary were marital property pursuant to Tenn. Code Ann. § 36-4-121(A)(3)(1)(a). Clearly, the Trial Court did not rule that the wife was entitled to a share of any increase in the 401(k) fund during the marriage, but rather based his decision on the marital property paid into the 401(k) plan by the appellant.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Ronald Dale Bolick.

_____
HERSCHEL PICKENS FRANKS, P.J.